

MNP:AMundell

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7230
Washington, DC 20530

Tel: (202) 514-1201

November 17, 2020

Mr. Mark Langer
Clerk of the Court
U.S. Court of Appeals for the
   District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue N.W.
Washington, DC 20001

     Re: *In re: Federal Bureau of Prisons' Execution Protocol Cases*, No. 20-5329

Dear Mr. Langer:

     We write in response to the Court's request at oral argument that the government provide a statement concerning what cause of action, if any, would be available to non-death row prisoners if the Bureau of Prisons (BOP) were to administer drugs to them that are regulated by the Federal Food, Drug, and Cosmetic Act (FDCA), but does so without a prescription (oral or written) by a licensed physician. For the sake of answering this question, we assume that the resulting medical care would not rise to the level of deliberative indifference under the Eighth Amendment.

     A prisoner who believed he was receiving prescription drugs without a valid prescription likely would not be without potential remedies. As an initial matter, the inmate could refuse to take such medication. Absent clearly delineated circumstances, the BOP permits individuals to refuse medical treatment. *See* Program Statement 6031.04, Patient Care, at 50, available at https://www.bop.gov/PublicInfo/execute/policysearch ("As a general rule, medical and dental treatment including medication is given only when the inmate consents.").

     An inmate may also use BOP's administrative grievance process to bring the issue to the attention of higher-level BOP officials. 28 C.F.R. § 542.10, et seq.

(allowing "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement"); Program Statement 1330.18, Administrative Remedy Program (describing the administrative grievance process), available at https://www.bop.gov/PublicInfo/execute/policysearch.

An inmate might also seek relief under the Federal Tort Claims Act (FTCA), after completing the administrative tort claim process. As this Court has explained, the FTCA "gives district courts jurisdiction over civil actions on claims against the United States" for personal injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his or her employment, under circumstances where the Government, if a private person, would be liable to the claimant under the law of the place where the act or omission occurred." *Loughlin v. United States*, 393 F.3d 155, 158 (D.C. Cir. 2004). An inmate may attempt to state a claim by alleging that BOP officials acted negligently under state law by dispensing medications without a prescription. *See, e.g., Stafford v. Nipp*, 502 So.2d 702, 703 (Ala. Sup. Ct. 1987) (state tort suit against pharmacist based on dispensing drug without a prescription); *Clair v. Paris Road Drugs*, 573 So.2d 1219, 1220 (La. Ct. App. 1991) (same). We express no views here as to whether such a claim would be cognizable under state law or whether it might fall within one of the exceptions to the FTCA.

But at all events, as we explained in our brief in this case, *see Gov't Br.* 28-30, the FDCA is not enforceable through a private action, including by state and federal prisoners against their prisons or prison officials. Rather, only the government (and, in some circumstances, States) may enforce the FDCA as an exercise of its unreviewable enforcement discretion. And that would be true even if none of the potential remedies described above were available to prisoners. *Cf. Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 420 (2013) (observing that "the assumption that if respondents have no standing to sue, no one would have standing, is not a reason to find standing") (citation omitted).

Sincerely,

/s/ *Melissa N. Patterson*
Melissa Patterson
Counsel for Defendants-Appellees

cc:     Plaintiffs (via CM/ECF)

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2020, I electronically filed the foregoing letter with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system, except for the following, who will be served via email:

Scott Matthew Wilson Braden
Public Defender
1111 Richardson Road
Tallahassee, FL 32301-0000
Email: scott_braden@fd.org

Matthew J. Herrington
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Email: mherrington@steptoe.com

Matthew Christopher Lawry
Federal Public Defender
601 Walnut Street
Suit 545 West-Curtis Building
Philadelphia, PA 19106
Email: Matthew_Lawry@fd.org

Joshua Christopher Toll
King & Spalding LLP
1700 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006-4706
Email: jtoll@kslaw.com

*/s/ Melissa N. Patterson*
Melissa N. Patterson